Per Curiam.
 

 We will not say that the bill of sale unaccompanied with possession was not fraudulent under the IS
 
 Eliü. CL 5 ;
 
 nor will we say that the Jury ought not so to have found
 
 it;
 
 but in our opinion, the decision of that question, properly and of right,
 
 belonged to the Jury.
 
 It is the province of the Court to expound the law, and it is as much the province of the Jury to pass upon the facts. The trial by Jury is guaranteed by the Constitution of the State; and the act of 1796,' ch. 4, was passed for the purpose of preventing Judges from giving opinions to the Jury on matters of fact. The statute 13
 
 Eliz. Ch.
 
 5, declares that conveyances made with intent to defraud creditors shall be void and of no
 
 effect;
 
 and whether a conveyance comes within the operation of that statute, whether it is made to defraud creditors or not, is a
 
 question of fact,
 
 which, under all the circumstances of the case, properly belongs to a Jury to decide. In the absence of all other testimony, a Jury are at liberty to say, if tiiey think fit, that a deed not accompanied with possession, is
 
 per se
 
 fraudulent and
 
 void;
 
 whether it is so, or
 
 not, is
 
 a matter of fact, and not a question of law. If in an action of trover, a demand and refusal be found by special verdict, a Court Would not give judgment on such verdict, because a demand and refusal is not a conversion, but only
 
 evidence
 
 of it: so when the question is, whether a deed is fraudulent or not, if a Jury should find the facts that a deed was absolute on the face of it, but that the vendor remained in possession of the property conveyed by it,
 
 *343
 
 such finding would not authorise the Court to give judgment, because the facts so found would not
 
 per se
 
 make the deed void, but would only be evidence of fraud. And we must here repeat what was said in the case of
 
 McRee
 
 v.
 
 Houston,
 
 (3
 
 Murp. Rep.
 
 450) that the law was so understood when we separated from the mother country in the year 1776; for in the case of
 
 Codegan v. Kenneth, (Cowp.
 
 434,)
 
 Lord Mansfield
 
 said that the stat. 13 Eliz. said not a word about possession, but that if a vendor remained in possession after a sale of goods as the visible owner, it was evidence of fraud, because goods pass by delivery.
 

 Nor have we formed the opinion which we are now giving, without due consideration of the case of
 
 Edwards
 
 v.
 
 Harben
 
 —(2
 
 Term Rep.
 
 587,) and the case of
 
 Bamford
 
 v.
 
 Baron et al
 
 .—(Ib.
 
 594, Note A,)
 
 and also the case of
 
 Hamilton
 
 v.
 
 Russel—(1
 
 Cr
 
 anch
 
 310, 316.) The line of demarkation between the functions of the Court and those of the Jury, is so strongly drawn by the Constitution of the State, and the act of 1796, (the latter declaring that it shall not be lawful for a Judge to give an opinion to the Jury, whether a fact is proved or not,) that to yield to those authorities, would be to transcend it. The rule for a new trial is therefore made absolute.